Gen. 99]                                                                    99

# CRIMINAL RECORDS

## COLLEGES AND UNIVERSITIES – ACCESS TO INFORMATION ABOUT CHILD SEXUAL OFFENDERS

November 30, 1995

*The Honorable John J. Hafer*
*Maryland Senate*

You have requested our opinion whether Chapter 142 (Senate 79) of the Laws of Maryland 1995, "Child Sexual Offenders – Notification and Registration," allows the disclosure of information about a university student's criminal history to officials or others at the university where the student attends.

Our opinion is as follows: A university may be informed of the presence of a student who is a "child sexual offender" if the local law enforcement agency with which the offender registered determined that notice to the university was necessary to protect the public interest. In addition, if the university were notified of the registration and had a reason for requesting a copy of the offender's registration statement, the local law enforcement agency would be required to send a copy of the statement to the university. Under federal law, the university could make the statement available to officials responsible for campus or dormitory security, but not to faculty members or other students.

## I

## Background

In 1994, you requested our opinion concerning the circumstances, if any, under which criminal history information about a student at Frostburg State University may be disclosed by the University Police to a faculty member or other member of the university community. Based on our analysis of the restrictions on the disclosure of criminal history record information, we concluded that the University Police were generally not authorized to disclose

the student's criminal history record information to an interested faculty member or other person.  79 *Opinions of the Attorney General* 128 (1994).

Your current opinion requests notes the enactment of Chapter 142 (Senate Bill 79) of the Laws of Maryland 1995, which requires child sexual offenders to register with local law enforcement agencies and provides for notice of that registration under certain circumstances.  Chapter 142 became effective on October 1, 1995.  In light of the new statute, you asked us to revisit the conclusion in our prior opinion.

Chapter 142 applies only to "child sexual offenders."  These are persons convicted of an act of child abuse involving sexual abuse or for certain unlawful sexual acts involving an individual under the age of 15 years.  Article 27, §692B(a)(2)(i) and (ii).  The definition also extends to persons who were granted probation or probation before judgment under some circumstances.[1]  Thus, the enactment

---

[1] The full text of the definition is as follows:

"Child sexual offender" means a person who:

(i)   Has been convicted of violating §35C of this article for an offense involving sexual abuse;

(ii)  Has been convicted of violating any of the provisions of §§462 through 464B of this article for an offense involving an individual under the age of 15 years;

(iii) Has been granted probation before judgment after being found guilty of any of the offenses listed in items (i) and (ii) of this paragraph and has been ordered by the court, as a condition of probation, to comply with the requirements of this section;

(iv) Has been convicted of, or granted probation before judgment after being found guilty of, violating §464C of this article and has been ordered by the court, as a part of a sentence or a condition of probation, to comply with the requirements of this section;

(continued...)

of Chapter 142 does not change the conclusion in the 1994 opinion with respect to conviction for any offense other than those identified in the definition of "child sexual offender."

Moreover, Chapter 142 applies only to offenses that are committed after October 1, 1995. Chapter 142, Section 3. Hence, the law will have no effect on any offender who committed an offense prior to the effective date.

The balance of this opinion will analyze the circumstances under which a university may learn that a student at the university is a child sexual offender.

## II

### Registration of Child Sexual Offenders

When a child sexual offender will be at large in the community, either after release from confinement or as a result of the sentence involving no confinement, the "supervising authority" is required to send written notice of the release of the offender to the "local law enforcement agency" in the county where the offender will reside. Article 27, §692B(b)(1).[2] The notice is to include identifying information about the offender and "a brief description of the crime for which the child sexual offender was convicted,

---

[1] (...continued)

      (v) Has been found not criminally responsible for any of the offenses listed in items (i) and (ii) of this section; or

      (vi) Has been convicted in another state of an offense that, if committed in this State, would constitute one of the offenses listed in items (i) and (ii) of this paragraph.

[2] The term "supervising authority" refers to the custodial official, if the offender was in custody, or the court, if the offender was not. *See* §692B(a)(5). The term "local law enforcement agency" means "the law enforcement agency in a county that has been designated by resolution of the county governing body as the primary law enforcement unit in the county." §692B(a)(3).

granted probation before judgment, or found not criminally responsible." §692B(b)(2)(v). Notice about a particular child sexual offender is to be sent upon request to the victim, a witness who testified against the offender, and "any person specified in writing by the State's Attorney." §692B(b)(3).

Only two types of law enforcement agencies receive the notice: The "local law enforcement agency," which by definition is the agency with principal countywide law enforcement authority; and, if the offender will reside in a municipality that has its own police department, that police department.[3]  Thus, a university police department will not receive routine notice that a child sexual offender will reside after release on the university campus or in nearby housing.  Nor will neighbors of the offender.[4]

Chapter 142 requires child sexual offenders to register with the local law enforcement agency. §692B(c)(2).  The registration statement is to include, among other information, "a description of the crime for which the child sexual offender was convicted, granted probation before judgment, or found not criminally responsible." §692B(g)(1)(ii).  The offender must comply with the registration requirement for ten years. §692B(h)(2)(i).


## III

### Access to the Registration Statement

Chapter 142 imposes on the local law enforcement agency the obligation to provide prompt notice to the county school superintendent that a registration statement has been filed.  Article 27, §692B(d)(1); The superintendent, in turn, is to send "written notice of the registration statement to the principals of the schools within the supervision of the superintendent." §692B(d)(2).  Those

---

[3] The municipal police department is to receive a copy of the notice from the local law enforcement agency. §692B(b)(8).

[4] When the bill that became Chapter 142 was introduced, it contained a provision requiring that notice of the child sexual offender's presence be sent to each residence within a certain radius of the offender's residence.  This provision was amended out of the bill.

are the only provisions mandating notice of the registration statement.

Under §692B(d)(3), the local law enforcement agency has discretion to make additional notifications:

> In addition to the notice required under paragraph (1) of this subsection, a local law enforcement agency may provide notice of a registration statement to the following organizations if the agency determines that such notice is necessary to protect the public interest:
>
> (i)   A community organization;
>
> (ii)  A religious organization; and
>
> (iii) Any other organization that relates to children or youth.

In our opinion, a university or university is both a "community organization" and an "organization that relates to children or youth."[5]  Therefore, the local law enforcement agency is authorized to provide notice of a registration statement to a university if the law enforcement agency determines that the notice is "necessary to protect the public interest."  A law enforcement agency could surely make this determination if the offender's prior conduct suggested that younger students at the university, or children at a day care facility on the campus, might be at risk.  The ultimate judgment about notification, "including the circumstances under and manner in which notification shall be provided," is left to the local law enforcement agency. §692B(d)(4).[6]

---

[5] In another context, the General Assembly has defined the term "youth" to mean persons between the ages of 16 and 24. §5-218(a)(2) of the Natural Resources Article.

[6] Thus, notification might be provided to a university even if the child sexual offender is not a student but, for example, will live near a campus.  *See also* note 9 below.

If a university were to receive notification of a registration statement, and if the university had a reason to obtain a copy of the statement itself, the university could do so.  Under §692B(g)(4), a local law enforcement agency is to send a copy of a registration statement to a person who submits a written request for the statement and provides a "reason for requesting the information."


## IV

### Disclosure By University

When a university official requests a copy of a student's registration statement under Article 27, §692(B)(g)(4), the official would be acting on behalf of the university.  Once the registration statement was obtained, its disclosure would be governed by federal law.  Under the Family Educational Rights and Privacy Act, commonly called the Buckley Amendment, the statement would be a "education record."  20 U.S.C. §1232g(4)(A).[7]  The Buckley Amendment generally prohibits an educational institution from disclosing a student's education records without the student's consent.  20 U.S.C. §1232g(b)(1).  Hence, if the university obtains a registration statement about a student, it generally may not disclose the statement outside the University.

Within the university, the Buckley Amendment allows disclosure of education records to "other school officials, including teachers within the educational institution ..., who have been determined by such ... institution to have legitimate educational interests."  20 U.S.C. §1232g(b)(1)(A).  The term "legitimate educational interests" is not defined in either the statute or the regulations, but we believe that it must be construed in relation to the term "education records."  That is, education records are subject to restrictions on disclosure because they are "'used by the institution in making decisions that affect the life of the student.'" *Bollinger v. Nashua, New Hampshire, School District,* 856 F. Supp. 40, 49 (D.N.H. 1994) (quoting legislative history).  These decisions might

---

[7] Under this definition, documents are "education records" if they "contain information directly related to a student" and "are maintained by an educational agency or institution or by a person acting for such agency or institution."

be pedagogical, involving the content or manner of instruction, but they might also affect other aspects of the relation between the student, other students, and the institution.

In our view, the term "legitimate educational interests" embraces those potential decisions to which a given educational record might be material. If a university official is responsible for making such a decision, then the official may obtain access to the education records that bear on the decision. Conversely, a university official may not obtain access if the official has no decision-making authority related to aspects of the student's life to which the education record is material.

A registration statement is potentially relevant to those university officials responsible for security. They might properly take extra precautions if, for example, a child sexual offender were living in a student dormitory. Hence, the university official who obtains the statement from the local law enforcement agency may provide it to those with security responsibilities − for example, university police and dormitory administrators.[8]

The university official may not disclose the registration statement to others at the university, like faculty members, whose decisions regarding the student are unrelated to the information in the registration statement. No faculty member will teach a course differently, or grade differently, because a student is a child sexual offender. The faculty member has no "legitimate educational interest" in that particular record.[9]

---

[8] Those who do obtain access to the statement may not redisclose it to others. 34 C.F.R. §99.33(a)(1).

[9] Your opinion request asks us to consider access to, and disclosure of, criminal history information about a student. The Buckley Amendment would not limit disclosure to faculty members or others if a university obtained a registration statement about a non-student. *See* note 6 above. This anomalous result is simply a consequence of the scope of the Buckley Amendment.

## V

## Conclusion

In summary, it is our opinion that, under certain circumstances, a university might learn that a student is a child sexual offender. The university may make the information known to those responsible for campus or dormitory security.

J. Joseph Curran, Jr.
*Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*

*Editor's Note:*

The provisions of law requiring registration of sexual offenders and notice of a registration have been substantially amended and recodified. They are not set out in Article 27, §792.